UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:02CV-00003-JHM

DEBBIE ALLEN                                                                                          PLAINTIFF

v.                            **MEMORANDUM OPINION AND ORDER**

LIFE INSURANCE COMPANY OF NORTH AMERICA                                DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon a motion by Plaintiff, Debbie Allen, to alter, amend, and/or vacate the Court's March 12, 2010, Memorandum Opinion and Order granting Defendant's motion for summary judgment and on a motion for oral argument [DN 51]. Fully briefed, this matter is ripe for decision.

## BACKGROUND

Plaintiff, Debbie Allen, was an investment broker for A.G. Edwards. In 2002, Plaintiff filed this lawsuit alleging that Defendant had wrongfully denied Allen's long-term income disability benefits (hereinafter "LTD benefits"). By Memorandum Opinion and Order entered January 29, 2003, the Court reversed LINA's initial denial of Allen's claim for LTD benefits. The Court concluded that LINA's decision that a mental illness caused or contributed to Allen's total disability was arbitrary and capricious and remanded the claim to the Plan Administrator to determine whether Allen qualified for LTD benefits due to a physical condition or disease that rendered her totally disabled. On remand, Plaintiff submitted additional medical records to the Plan Administrator and the Defendant obtained Independent Medical Examinations of Plaintiff from two additional physicians, Dr. Denise Griffin, a neurologist, and Dr. M. Muhahid Baig, a board certified physician

in endocrinology and metabolism. Defendant also obtained independent reviews of Plaintiff's medical records from Dr. Gary Greenhood and Dr. Richard Martinello, infectious disease specialists. Relying upon these opinions of its reviewing physicians, LINA denied Allen's LTD benefits claim finding that the Administrative Record "does not provide sufficient information to conclude that there are any restrictions due to Lyme disease or any other physical condition from January 1999 through the present that would preclude Ms. Allen from performing a sedentary occupation." (LINA-2_002890).[1] Dissatisfied with this final denial by the Plan Administrator, Plaintiff requested the Court to reopen the case.

On March 12, 2010, the Court issued a Memorandum Opinion and Order granting Defendant's motion for summary judgment on the Administrative Record. After reviewing the Administrative Record, the Court concluded that there is sufficient medical evidence to support LINA's conclusion that Allen does not suffer any restrictions due to Lyme disease or any other physical condition from January 1999 through the present that would preclude Allen from performing a sedentary occupation. Based upon this finding alone, the Court found that LINA's decision to deny Allen's claim for LTD benefits was not arbitrary and capricious.

Plaintiff has now filed this motion to alter, amend, or vacate the March 12, 2010, Opinion pursuant to Federal Rule of Civil Procedure 59(e). In support of her motion to reconsider, Plaintiff argues that summary judgment in favor of the Defendant on the administrative record was improper because (1) the Court failed to consider its January 29, 2003, Memorandum Opinion and Order in

---

[1] The Plan Administrator also stated: "The medical documentation supports that Ms. Allen has difficulties with concentration, tolerating stress, and interacting with peers, supervisors and public. These limitations are caused or contributed to by Ms. Allen's diagnoses of bipolar disorder and depression." (LINA-2_002890.)

deciding the case; (2) the Court's January 29, 2003, Memorandum Opinion and Order is the law of the case and the Court's current Opinion is inconsistent with the holding of the January 29, 2003, Opinion; (3) no valid evidence exists to conclude that Plaintiff ever suffered from anything other than a physiological illness; and (4) LINA failed to consider the significant changes in Plaintiff's profession in assessing whether she is presently able to perform the duties of her occupation.

**STANDARD**

Motions to alter or amend judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, *2 (E.D. Tenn. Dec. 17, 2008)(citing Fed. R. Civ. P. 59(e); Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, *1 (E.D. Mich. Jan. 7, 2009)(citation omitted). See also Electric Ins. Co. v. Freudenberg-Nok, General Partnership, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007)("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."); Browning v. Pennerton, 2008 WL 4791491, *1 (E.D. Ky. October 24, 2008)("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."). Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, *2 (W.D. Ky. April 19, 2007).

**DISCUSSION**

Applying this standard to the current motion, the Court denies Plaintiff's motion to reconsider the merits of the case. The arguments raised in Plaintiff's motion to reconsider were previously advanced by Plaintiff and addressed by the Court or could have been advanced in the Defendant's original motion and response. "A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." Gray v. Commissioner of Social Sec., 2006 WL 3825066, *2 (E.D. Mich. December 13, 2006)(citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). Plaintiff may disagree with the Court's decision, but that is an issue for appeal, not reconsideration.

Furthermore, the Court rejects Plaintiff's argument that application of the law of the case doctrine warrants vacating the Judgment entered in favor of Defendant. The law of the case doctrine precludes reconsideration of an issue already decided in a previous stage of litigation. Caldwell v. City of Louisville, 200 Fed. Appx. 430, 433 (6th Cir. 2006); McKenzie v. BellSouth Telecomms., 219 F.3d 508, 513 (6th Cir. 2000). Plaintiff argues that the Court's most recent Opinion granted summary judgment in favor of the Defendant based on a conclusion that Plaintiff suffered from a mental illness rather than a physical illness. Plaintiff contends that this decision is inconsistent with the January 29, 2003, Memorandum Opinion and Order, and the law of the case doctrine mandates a different outcome of this action.

The recent decision by the Court is not inconsistent with the prior decision issued in 2003. In 2003, the Court found that LINA's decision that Plaintiff is disabled due to a mental illness was arbitrary and capricious. It also determined LINA's failure to decide if Plaintiff is disabled due to a physical condition was arbitrary and capricious. The Court remanded the case to the Plan

Administrator to have the parties address the pivotal issue of whether Plaintiff is totally disabled due to any physical condition. After the parties submitted additional medical evidence to the Plan Administrator, LINA issued a final decision concluding that Plaintiff did not suffer any restrictions due to Lyme disease or any other physical condition that would preclude her from performing a sedentary occupation. In reviewing the record to determine if sufficient evidence existed to support LINA's decision that Plaintiff is not disabled due to a physical condition, the Court concluded that there was. The law of the case doctrine has no application here.

For these reasons, **IT IS HEREBY ORDERED** that the motion by Plaintiff, Debbie Allen, to alter, amend, and/or vacate the Court's March 12, 2010, Memorandum Opinion and Order granting Defendant's motion for summary judgment and for oral argument [DN 51] is **denied**.

cc: counsel of record